# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAMELA STICKLER,<br><br>　　　　　　　　　　Plaintiff,<br>　v.<br><br>SAN DIEGO POLICE DEPT.,<br><br>　　　　　　　　　　Defendant. | Case No. 12cv387 BTM(WMc)<br><br>**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DISMISSING COMPLAINT FOR FAILURE TO STATE A CLAIM; AND DENYING MOTION FOR APPOINTMENT OF COUNSEL** |

On February 13, 2012, Plaintiff filed a Complaint in addition to a Motion to Proceed In Forma Pauperis ("IFP Motion") and a Request for Appointment of Counsel. For the reasons discussed below, the IFP Motion is granted, the Complaint is dismissed with leave to amend, and the Request for Appointment of Counsel is denied without prejudice.

## DISCUSSION

### I. Motion to Proceed IFP

Upon review of Plaintiff's affidavit in support of her IFP Motion, the Court finds that Plaintiff has made a sufficient showing of inability to pay the filing fees required to prosecute this action. Accordingly, Plaintiff's IFP Motion is **GRANTED**.

### II. Failure to State a Claim

Although the Court will allow Plaintiff to proceed IFP, Plaintiff's Complaint must be dismissed for failure to state a claim. The Court is under a continuing duty to dismiss an IFP case whenever the Court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

In her Complaint, Plaintiff complains about a series of events involving the police. Among other things, Plaintiff alleges that the police would not tell people at the Chabad to open the door to allow her to stay there, handcuffed her at least four times without Miranda rights, "bruised her leg" on one occasion, did not come quickly when St. Patrick's Church threw her out, and did not do anything when security guards at Los Americas Shopping Center kept telling her to leave. Plaintiff does not provide any factual detail about the incidents and does not identify which Constitutional rights or federal statutes were violated.

Plaintiff's bare allegations do not establish a plausible claim for relief. It appears that Plaintiff may wish to bring a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment. If so, Plaintiff must identify the date of the incident, who was involved, and what happened. It is unclear if Plaintiff is alleging false arrest. If Plaintiff intends to allege that she was falsely arrested on one or more occasions, she must identify the date of the arrest, what she was arrested for, who arrested her, the circumstances of the arrest, and the disposition of the criminal case. To the extent Plaintiff wishes to allege any other violation of the Constitution, such as violation of due process or discriminatory treatment, Plaintiff must specifically identify what rights she claims has been violated and what actions the police took to violate those rights.

The Court will grant Plaintiff leave to file an amended complaint. The amended complaint should include a short and plain statement of the grounds for this Court's jurisdiction, a short and plain statement of the legal claim(s) being asserted, and a demand for judgment for the relief sought. Fed. R. Civ. P. 8(a). With respect to the legal claims, Plaintiff should specify who did what, when the events occurred, and how Plaintiff was harmed by the alleged wrongful conduct.

Regarding the form of the amended complaint, Plaintiff must abide by Rule 10 of the Federal Rules of Civil Procedure. Among other things, Rule 10 requires that a party "state its claims in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).

III. Request for Appointment of Counsel

Plaintiff has filed a Request for Appointment of Counsel. (Plaintiff used the form for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1), but it does not appear that this is a Title VII case.)

There is no right to counsel in civil cases, and district courts may appoint counsel only under "exceptional circumstances." Terrell v. Brewer, 935 F.2d 1015, 1017 (9th Cir. 1991). "A finding of exceptional circumstances requires an evaluation of both 'likelihood of success on the merits and the ability of the plaintiff to articulate his claims pro se in light of the complexity of the legal issues involved.' Neither of these issues is dispositive and both must be viewed together before reaching a decision." Id.

At this point in time, the Court cannot say that there is any likelihood of success on the merits. Therefore, the Court **DENIES** without prejudice Plaintiff's Motion for Appointment of Counsel.

## CONCLUSION

Plaintiff's Motion to Proceed IFP is **GRANTED**. However, Plaintiff's Complaint is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. Plaintiff may file a First Amended Complaint on or before **March 19, 2012**. If Plaintiff fails to do so, the Court shall close this case. Plaintiff's request for appointment of counsel is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

DATED: February 24, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court